UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BARBARA TIPOLT,

    Plaintiff,

v.

CASE NO. 07-13181

HON. DENISE PAGE HOOD

MICHIGAN DEPARTMENT OF
CORRECTIONS, MACOMB CORRECTIONAL
FACILITY, HUGH WOLFENBARGER and,
MARIAN PLUMMER,

    Defendants.

_____/

## ORDER GRANTING DEFENDANTS MICHIGAN DEPARTMENT OF CORRECTIONS, HUGH WOLFENBARGER AND MARIAN PLUMMER'S MOTION FOR SUMMARY JUDGMENT

**I.    INTRODUCTION**

This matter is before the Court on Defendants Hugh Wolfenbarger and Marian Plummer's Motion for Summary Judgment [**Dkt. # 6**], filed on October 18, 2007, and Defendant Michigan Department of Corrections' Motion for Summary Judgment [**Dkt. # 9**], filed on February 25, 2008. This Court previously entered two Orders requiring Plaintiff to file a Response to the Motions by January 9, 2008 and July 25, 2008. To date, no Response has been filed.

Defendants Wolfenbarger and Plummer contest that all of Plaintiff's claims against Defendants are barred for reasons of Eleventh Amendment Immunity, qualified immunity, state law governmental immunity, and failure to state a claim. Defendants Wolfenbarger and Plummer further

1

argue that Plaintiff's Title VII 42 U.S.C. §2000e-2 claim is also barred as Defendants do not qualify as Plaintiff's "employer" and therefore cannot be sued under Title VII.

Defendant Michigan Department of Corrections ("MDOC") contests that all of Plaintiff's claims against MDOC are barred for reasons of Eleventh Amendment Immunity, Plaintiff's untimely filing of the complaint, and state law governmental immunity.

Plaintiff also included the Macomb Correctional Facility as a party in the suit. The facility is a building and is not a proper party because it does not exist separately from the State agency, nor is it a "person" subject to suit. *Mitchell v. Chester Country Farms Prison*, 426 F. Supp 217 (ED. Pa. 1976). The facility is therefore DISMISSED as a defendant.

## II.    FACTS

Plaintiff, a Caucasian female, began her employment with the Michigan Department of Corrections (MDOC) in 1986, and was assigned to the Macomb Correctional Facility in approximately June 1992. (Compl. at ¶¶ 11-12). Plaintiff claims she was not given the position of regular officer because Defendant Plummer stated that she preferred a black female receive the position. (Compl. at ¶ 18).

Plaintiff exhausted her administrative remedies through the Equal Employment Opportunity Commission (EEOC), after which, Plaintiff claims that Defendants retaliated against her. (Compl. ¶ 17). Plaintiff filed the instant Complaint on July 31, 2007 against MDOC, her employer; Macomb Correctional Facility, the facility where she works; Marian Plummer, her supervisor; and Hugh Wolfenbarger, the warden [**Dkt. #1**]. Plaintiff has only served Defendants Wolfenbarger and Plummer with the summons. Plaintiff mailed the Complaint to MDOC, but did not include the summons.

In her Complaint, Plaintiff contends that, since 1996, Defendants have subjected her to actions that have been in violation of her civil rights. (Compl. ¶ 14). She claims Defendants violated Title VII, the Michigan Civil Rights Act, the Fourteenth Amendment, and 42 U.S.C. §1983. In addition, Plaintiff also contends that Defendants conspired against her and treated her with gross negligence. (Compl. ¶¶ 117, 122).

### III. APPLICABLE LAW & ANALYSIS

Plaintiff is proceeding *pro se* in this matter, and although she has failed to file responses to the Motions, the Court will review her claims liberally.

When reviewing *pro se* complaints, the court must employ standards less stringent than if the complaint had been drafted by counsel. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the court "need not accept as true legal conclusions or unwarranted factual inferences." *Montgomery v. Huntington Bank*, 346 F.3d 693, 698 (6th Cir. 2003) (quoting *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)). In other words, "the lenient treatment generally accorded to *pro se* litigants has limits," and *pro se* litigants are "not automatically entitled to take every case to trial." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

#### A. <u>Eleventh Amendment Immunity</u>

Defendants argue that principles of Eleventh Amendment Immunity bar the present action against the Michigan Department of Corrections and defendants Wolfenbarger and Plummer in their official capacities.

The Eleventh Amendment to the United States Constitution provides:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

(U.S.C.A. Const. Amend. XI). The Supreme Court later broadened the Eleventh Amendment's application to suits by citizens against their own state, and held "The ultimate guarantee of the Eleventh Amendment is that nonconsenting states may not be sued by private individuals in federal court." *Board of Trustees of the University of Alabama v. Garrett*, 531 U.S. 356; 121 S.Ct. 955, (2001).

The Eleventh Amendment to the United States Constitution bars suits against a state, its agencies, and officials sued in their official capacity, unless jurisdictional immunity from suit is expressly waived by either the state or Congress, regardless of the nature of the relief sought. *Pennhurst State School & Hospital v. Halderman*, 104 S. Ct. 900; 79 L.Ed. 2d 67 (1984). In this case, the MDOC, as an agency of the state of Michigan, has not consented to suit in Federal Court, and the federal §1983 claims are DISMISSED.

Defendants Wolfenbarger and Plummer argue that the federal claims against them in their official capacities should be dismissed for reasons of Eleventh Amendment Immunity. Plaintiffs seek monetary damages against defendants Wolfenbarger and Plummer in their official and individual capacities. The official capacity claims against Defendants are dismissed, and the federal claims against defendants Wolfenbarger and Plummer based on their individual capacities are addressed below.

### B.      Qualified Immunity - Federal Claims

Defendants Wolfenbarger and Plummer claim that they are entitled to qualified immunity protection against Plaintiff's federal law claims. In performing the qualified immunity analysis, the Court must determine if Plaintiff possessed a constitutional right that had been invaded. In *Haverstick Enterprises, Inc. v. Financial Federal Credit, Inc.*, the Sixth Circuit held:

> Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

*Haverstick Enterprises, Inc. v. Financial Federal Credit, Inc.*, 32 F.3d 989, 994 (6th Cir. 1994).

To establish liability under 42 U.S.C. §1983 against an individual defendant, a plaintiff must plead and prove that the defendant was personally involved in the activity that forms the basis of the complaint. *Hays v. Jefferson County*, 668 F.2d 869 (1982). Defendants Wolfenbarger and Plummer claim that, in their individual capacities, they are entitled to the protection of qualified immunity for alleged federal constitutional violations; in this case Defendants' alleged First and Fourteenth Amendment violations. Plaintiff claims her First Amendment right was violated when she was harassed for speaking out against the racial discrimination she believed was occurring at the Macomb Correctional Facility.

Plaintiff also claims that her Fourteenth Amendment rights were violated due to the adverse action taken against her. She argues that other employees not of the same race were not treated similarly. (Compl. at ¶ 96). Plaintiff's claim is vague and does not allege the specific conduct necessary for this claim. Plaintiff must support her allegations with established law on specific conduct on the part of the individual Defendants that establishes a clear constitutional violation. There are no factual allegations indicating that Defendant Wolfenbarger was personally involved. Since Plaintiff has not sufficiently identified Defendants' conduct, the individual Defendants cannot be held accountable for a constitutional violation and Plaintiff's claims brought under 42 U.S.C. § 1983, Counts VII, VIII, IX, and X, are DISMISSED against defendants Wolfenbarger and Plummer.

**C.**   **Title VII of the Civil Rights Act of 1964**

Plaintiff brings claims of racial discrimination against Defendants under Title VII of the Civil

Rights Act of 1964. While Congress has waived Eleventh Amendment Immunity under Title VII of the Civil Rights Act of 1964 for claims against the state as an employer, an individual employee/supervisor who does not otherwise qualify as an "employer" may not be sued under Title VII. *Sutherland v. Mich Dep't of Corrections*, 344 F.3d 603 (2003). Title VII applies only to "employers." 42 U.S.C. §2000e-2. The court in the *Sutherland* case further explained the definition of "employer," stating:

> The determination of whether a particular entity is an employer of a Title VII plaintiff involves an examination of whether the alleged employer exercises control over the manner and means of the plaintiff's work.

*Sutherland*, 344 F.3d at 612. According to MDOC Human Resources, Defendant Wolfenbarger is an "appointing authority." While Defendant Wolfenbarger has some authority to hire and recommend termination of MDOC employees, MDOC did not delegate any supervisory power and authority to Wolfenbarger and Plummer to act on its behalf. [*See* Aff. Of Cooper, Dkt. 6, Exhibit B] Defendant Plummer is not an "employer" because she does not have the authority to "hire one applicant over another applicant; refuse to provide employment benefits; or, terminate employment." [Aff. of Cooper, **Dkt. #6**, Exhibit B, pgs. 1-2]. As defendants Wolfenbarger and Plummer are not "employers" under Title VII summary judgment dismissal of the Title VII claims, Counts I, II, and III against them is GRANTED.

### D. <u>Michigan Civil Rights Act</u>

The Michigan Civil Rights Act ("MCRA") prohibits an employer from discriminating because of race or gender. *Chambers v. Trettco, Inc.*, 614 N.W.2d 910 (2000). Proof of discriminatory treatment in violation of the MCRA may be established by direct evidence or by

indirect evidence. *Sniecinski v. Blue Cross & Blue Shield*, 666 NW 2.d 186 (2003).

The statute of limitations for claims brought under the MCRA is three years. M.C.L. 600.5805(1), (8). Acts that occurred more than three years before the filing of the complaint warrant dismissal. Even assuming Plaintiff's claims were otherwise sufficient to withstand summary judgment, Plaintiff filed her Complaint on July 31, 2007, approximately five years after the Plaintiff's most recent claims that allegedly occurred in 2002, barring her state law claims due to the statute of limitations. Plaintiff's MCRA claims against Defendants are DISMISSED, and summary judgment is GRANTED with respect to the claims brought under the MCRA, Counts IV, V, and VI.

### E. Governmental Immunity - State Law Claims

The Michigan Governmental Immunity Act provides a broad sweep of immunity from tort liability to governmental agencies and public officials when they are engaged in a governmental function. The Act states, "Except as otherwise provided in this act, all governmental agencies shall be immune from tort liability in all cases wherein the governmental agency is engaged in the exercise or discharge of a governmental function." M.C.L. 691.1401. There are a few narrowly-drawn exceptions: M.C.L. 691.1402 (defective highway exception); M.C.L. 691.1405 (motor vehicle exception); M.C.L. 691.1406 (defective public building exception); M.C.L. 691.1413 (propriety function exception); and, M.C.L. 691.1407 (public hospital exception. *Ross v. Consumers Power Co.* (on rehearsing), 363 NW 2.d 641 (1984). In order to survive a dispositive motion, Plaintiff has the burden of establishing that the alleged claims fall within an exception to governmental immunity. Plaintiff has failed to show an exception to governmental immunity as to the MDOC. In her Complaint, Plaintiff only states that Defendants are not entitled to qualified immunity. (Compl. at

¶ 124). Because Plaintiff has not established that her claims fall within any exception, summary judgment is GRANTED with respect to her state conspiracy claim, Count XI, as to the MDOC.

Plaintiff's Complaint against the individual Defendants alleges gross negligence (Compl. at 122). MCL 691.1407(2) grants immunity from tort liability to individual government employees, except for acts of gross negligence. *Harrison v. Dep't of Corrections*, 487 N.W.2d 799 (1992). "Gross negligence" is defined in the statute as "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results." M.C.L. 691.1407(2)(c). Applying the provisions of the statute to the actions of the individual Defendants as stated in the Complaint, Plaintiff has not made a claim of material fact qualifying as "gross negligence" against the defendants. Plaintiff claims Defendants acted against her "capriciously" and "arbitrarily" without stating what actions were committed against her. (Compl. at ¶ 122). More substantial allegations are required for an individual's conduct to qualify for the "gross negligence" exception to the governmental immunity statute. Because Plaintiff cannot establish gross negligence, the individual defendants are entitled to governmental immunity as to the conspiracy claim. Defendants Wolfenbarger and Plummer are granted governmental immunity and Plaintiff's conspiracy and gross negligence claims, Counts XI and XII are DISMISSED.

**IV.    CONCLUSION**

Accordingly,

IT IS ORDERED that Defendants Wolfenbarger and Plummer's Motion for Summary Judgment [**Dkt. # 6, filed October 18, 2007**] is GRANTED.

IT IS FURTHER ORDERED that Defendant Michigan Department of Corrections' Motion for Summary Judgment [**Dkt. # 9 filed February 25, 2008**] is GRANTED.

IT IS FURTHER ORDERED that this case is **DISMISSED** as to all Defendants.

                                                   S/Denise Page Hood
                                                   Denise Page Hood
                                                   United States District Judge

Dated: September 18, 2008

     I hereby certify that a copy of the foregoing document was served upon counsel of record and Barbara Tipolt, 6795 Lingor, Apt. #8, Clarkston, MI 48346 on September 18, 2008, by electronic and/or ordinary mail.

                                                   S/William F. Lewis
                                                   Case Manager